No. 25-20475

================================

In The

# United States Court of Appeals for the Fifth Circuit

---

**IN THE MATTER OF SOURCEWATER, INCORPORATED,**

**DEBTOR JOSHUA ADLER,**

*Appellant,*

**V.**

**ENERGY DEBT HOLDINGS L.L.C.,**

*Appellee.*

--------------------------------

On Appeal from the United States District Court, Southern District of Texas,
Houston Division, Case No. 4:24-CV-02381

--------------------------------

## BRIEF OF APPELLANT JOSHUA ADLER

--------------------------------

KANE LOGAN RUSSELL COLEMAN PC
Mark C. Taylor
Texas Bar No. 19713225
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone:  (512) 487-6650
Email:  mtaylor@krcl.com

COUNSEL TO APPELLANT
JOSHUA ADLER

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellee: | Counsel for Appellee: |
|---|---|
| Energy Debt Holdings L.L.C. | R. J. Shannon of Shannon & Lee, L.L.P. Houston, TX |

| Appellant: | Counsel for Appellant: |
|---|---|
| Joshua Adler | Mark Taylor of Kane Russell Coleman Logan, P.C. Austin, TX |

/s/ Mark Curtis Taylor
Attorney of record for Joshua Adler

i

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant Joshua Adler ("Appellant") respectfully requests that this Court grant oral argument to aid in the Court's decisional process.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................................i

STATEMENT REGARDING ORAL ARGUMENT ...............................................ii

TABLE OF AUTHORITIES ............................................................................. iv

STATEMENT OF JURISDICTION..................................................................1

STATEMENT OF ISSUES .............................................................................1

STANDARD OF REVIEW .............................................................................2

STATEMENT OF THE CASE .........................................................................2

SUMMARY OF THE ARGUMENT ..................................................................6

ARGUMENT ............................................................................................6

CONCLUSION ........................................................................................13

CERTIFICATE OF SERVICE .......................................................................13

CERTIFICATE OF COMPLIANCE ................................................................14

# TABLE OF AUTHORITIES

Cases

*Advanced Analytics Labs, Inc. v. Environmental Aspecs, Inc. (In re Environmental Aspecs, Inc.),*
    235 B.R. 378 (Bankr. E.D.N.C. 1999) ......................................................... 14, 17

*Armadillo Hotel Group v. Harris,*
    85 F.4th 623 (5th Cir. 2023) ............................................................................7

*Davis v. Wakelee,*
    156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578 (1895) ......................................... 11, 12

*Hopkins v. Cornerstone America,*
    545 F.3d 338 n.2 (5th Cir. 2008) ....................................................................12

*In re Bennett,*
    312 B.R. 843 (Bankr. W.D. Ky. 2004) ........................................................... 13, 16

*In re Howland,*
    545 B.R. 653 (Bankr. D. Or. 2015) .................................................................14

*In re Lantana Motel,*
    124 B.R. 252 (Bankr. S.D. Ohio 1990) .......................................................... 14, 17

*In re Smith,*
    77 B.R. 624 (Bankr. N.D. Ohio 1987) ........................................................... 14, 17

*In re Terrace Gardens Park Partnership,*
    96 B.R. 707 (Bankr. W.D. Tex. 1989) ............................................................14

*In re Testmasters Trademark Litigation,*
    No. 4:04-MD-1646, 2006 WL 8445513 at *7 (S.D. Tex. Sept. 28, 2006) ..........12

*In re White,*
    No. 19-11909-JDL, 2019 WL 2482727 at *2 (Bankr. W.D. Ok. June 11, 2019).......................................................................................................... 13, 16

iv

*New Hampshire v. Maine,*
    532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) ............................... 12, 13

*Trinity Nat'l Bank v. Bobby Boggs, Inc. (Matter of Bobby Boggs, Inc.),*
    819 F.2d 574 (5ᵗʰ Cir. 1987) ...........................................................14

**Other Authorities**

11 U.S.C. §510 .........................................................................4, 13

28 U.S.C. §1334 ...........................................................................1

28 U.S.C. §158 ............................................................................1

**Rules**

5ᵗʰ CIR Rule 28.2.1 ....................................................................... i

5ᵗʰ CIR. R. 32.1 .........................................................................17

FED. R. APP. P. 32 .......................................................................17

Rule 12 ..................................................................................2

## STATEMENT OF JURISDICTION

This is an appeal from a final order, the "Order Granting Motion to Dismiss Complaint" (the "**Dismissal Order**") of the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") entered on June 4, 2024, in adversary no. 24-03049 (the "**Adversary Proceeding**"). ROA.260. Appellant timely filed a Notice of Appeal to the United States District Court for the Southern District of Texas (the "**District Court**") on June 18, 2024. ROA.5. The Bankruptcy Court had jurisdiction over the underlying bankruptcy case pursuant to 28 U.S.C. §1334.

On September 25, 2025, the District Court entered its Order affirming the Dismissal Order. ROA.5223. Appellant timely filed a Notice of Appeal to this Court on October 23, 2025. ROA.5229.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §158(d).[1]

## STATEMENT OF ISSUES

Whether the Bankruptcy Court erred in granting Energy Debt Holdings LLC's ("**EDH**") Motion to Dismiss based upon the doctrine of judicial estoppel, and whether the District Court erred in affirming the Dismissal Order, and in further holding that certain orders of the Bankruptcy Court (as defined below, the Cash Collateral Order and the Confirmation Order) barred the claims.

---

[1] Certain of the issues discussed herein are also part of a related appeal, No. 25-20479, pending before this Court.

1

## STANDARD OF REVIEW

A decision granting a Rule 12(b)(6) motion to dismiss is reviewed *de novo*. *Armadillo Hotel Group v. Harris*, 85 F.4th 623, 628 (5th Cir. 2023).

## STATEMENT OF THE CASE

1.  Adler instituted the Adversary Proceeding by filing his Original Complaint (the "**Complaint**") on March 27, 2024. ROA.36.

2.  The Complaint contained the following factual allegations which, for the purpose of this appeal, are to be taken as true. *Armadillo Hotel Group*, 84 F.4th at 628 (well-pleaded allegations are taken as true for the purposes of Rule 12(b)(6)):

    a.  Prior to the Petition Date[2], EDH entered a loan agreement with Debtor [Sourcewater, Inc.] pursuant to that certain "Senior Secured Credit Note" dated December 22, 2021, in the original principal amount of $500,000.00 (the "**EDH Note**"). The EDH Note was secured by substantially all of the Debtor's assets. Complaint ¶5. ROA.37.

    b.  Among other debt, the Debtor was also obligated to the U.S. Small Business Administration ("**SBA**") pursuant to a Note dated May 16, 2020, as amended by the 1st Modification of Note, dated September 15, 2021, and the 2nd Modification of Note,

---

[2] Sourcewater, Inc. filed its petition under Chapter 11 on March 17, 2023.

dated April 22, 2022 (collectively the "**SBA Note**").  Complaint ¶6. ROA.37; ROA.53-63.

c.  Pursuant to the terms of the EDH Note, EDH agreed that the indebtedness represented by the EDH Note was junior and subordinate to the SBA Note.  *See* EDH Note, ¶2(f), ROA.43. The subordination was discussed both in e-mails to the Debtor's Board (which included the principal of EDH) and to shareholders (which also included EDH's principal).  Complaint ¶7. ROA.37.

d.  Debtor filed its petition under Chapter 11 of Title 11 of the United States Code on March 17, 2023.  On November 28, 2023, the Bankruptcy Court entered an Order (the "**Confirmation Order**") confirming the Debtor's Second Amended Plan of Liquidation (the "**Plan**"). Complaint ¶8. ROA.37; ROA.98.

e.  The Plan does not decide the relative priority of payment between the SBA Note and the EDH Note, and the parties reserved their rights concerning the priority issues and any subordination under 11 U.S.C. §510 or applicable law. *See* Confirmation Order, ¶18. Complaint ¶9; ROA.104; ROA.37.

f.  Pursuant to the Plan, the Debtor conducted a sale process for its assets.  On March 11, 2024, an auction was held for the entities

3

who submitted a Qualified Bid for the assets.  The results of the auction were:

a)  Adler was the Successful Bidder[3], with a cash bid of $579,152.61 and a credit bid of $645,847.39 against the Revolving Credit Note dated December 10, 2020, as modified and/or extended, made by the Debtor to Adler; and

b)  EDH was the Backup Bidder, with a credit bid of $579,847.39 against the EDH Note and a cash bid of $620,847.39.

Complaint ¶10. ROA.38; ROA.175-177.

g.  Adler acquired the SBA Note by agreement dated February 20, 2024, and is the owner of the SBA Note and the party entitled to pursue recovery under the SBA Note. Complaint ¶11. ROA.38.

h.  To the extent that (1) EDH received or is entitled to receive payment from the Successful Bidder or (2) EDH as Backup Bidder became the winning bidder, EDH was required to pay the SBA Note pursuant to its agreement described in paragraph 2(c) above.  Complaint ¶12. ROA.38.

3.  Ultimately, EDH became the winning bidder after Adler did not close. ROA.254.

---

[3] "Successful Bidder" and "Backup Bidder" have the meanings set forth in the "Procedures for Sale of Substantially all of the Debtor's Assets," implemented pursuant to the Plan.

4. On September 4, 2024, EDH filed a Motion to Dismiss the Complaint. ROA.66. The Bankruptcy Court entered its Dismissal Order on June 4, 2024. ROA.260. The basis for the dismissal was judicial estoppel, based on a comment made by SBA's counsel at a hearing on November 3, 2023. ROA.263; ROA. 156. The context was that the SBA had filed its UCC-1 financing statement in the wrong jurisdiction (Texas instead of Delaware), which made its loan unsecured as of the Petition Date. ROA.263. The Bankruptcy Court cited to the following portion of the transcript:

> P. 30: Good morning, Elizabeth Karpati on behalf of the SBA. Your Honor, what I would like to say is the interest of justice we understand EDH's position and we do concede that we did file in the wrong jurisdiction. So, I want to just clarify the record for that.
>
> P. 31: THE COURT: So, in effect I'm hearing you that you basically agree that your position is the second position?

MS. KARPATI: Yes, Your Honor.

*See* 11/3/23 Transcript at pp. 30-31. ROA.170-171.

5. The Bankruptcy Court additionally ruled there was no controversy between the parties given its ruling on judicial estoppel. ROA.263.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court erred in dismissing the Complaint based on the doctrine of judicial estoppel. The SBA (and, therefore, Adler) was not the prevailing party nor did it receive any benefit from the statement made by counsel. Moreover, the statement from counsel was merely a response to a question from the Bankruptcy Court and not a position advocated by counsel. Moreover, EDH was not prejudiced. Finally, the statement was, if anything, a statement as to lien priority, not payment priority. Additionally, the District Court erred in holding that the terms of the Cash Collateral Order and the Order Confirming the Debtor's Plan barred the claims.[4] Because the Bankruptcy Court erred in its holding, a justiciable controversy exists between Adler and EDH.

## ARGUMENT

### Judicial Estoppel does not apply

Judicial estoppel requires specific elements be present. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895); *see also New Hampshire v. Maine*, 532 U.S.

---

[4] These issues are addressed in appeal no. 25-20479 pending before this Court.

6

742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting *Davis*). As the

Supreme Court stated in *New Hampshire*:

> …judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase

*New Hampshire*, 532 U.S. at 749 (citations omitted). Judicial estoppel, therefore,

requires that a party have prevailed based on its prior position. The Supreme Court

further clarified the "prior success" prong by holding:

> …courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled…Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations" and this poses little threat to judicial integrity.

*New Hampshire*, 532 U.S. at 750-51. The Fifth Circuit and courts in the Southern

District of Texas have applied the same holdings, following *New Hampshire. See,*

*e.g., Hopkins v. Cornerstone America*, 545 F.3d 338, 348 n.2 (5th Cir. 2008); *In re*

*Testmasters Trademark Litigation*, No. 4:04-MD-1646, 2006 WL 8445513 at *7

(S.D. Tex. Sept. 28, 2006).

The SBA received no benefit from the statement of its counsel, and in no way

"prevailed" in the proceeding. The SBA has received no payment, and its lien

7

position was determined to be inferior. It is inconceivable that the SBA somehow "succeeded" or "prevailed" as a result of the statement.

It is also unclear how EDH was "prejudiced." EDH became the winning bidder as Backup purchaser. Its obligations to the SBA were unchanged; as discussed below, it had agreed to subordinate payment priority, and nothing that occurred as a result of the statement of SBA's counsel altered that fact.

*The Statements concerned, at most, lien priority and not payment priority*

The Bankruptcy Court held that the statement made by the SBA's counsel at the November 3, 2023 hearing estops any contention that the payment priority runs in favor of the SBA. The SBA counsel's statement, however, was specifically made in the context of which party's *lien position* was superior, given the fact that the SBA failed to file its UCC-1 in the correct state.[5] There is no statement or position taken by the SBA that it was not entitled to the right to enforce the *payment* priority requirement agreed to in the EDH Note.

"*Priority*" is a different concept than *validity*; priority refers to the relationship to other liens, while validity refers to the existence or legitimacy of the lien. *In re White*, No. 19-11909-JDL, 2019 WL 2482727 at *2 (Bankr. W.D. Ok. June 11, 2019)(citations omitted); *In re Bennett*, 312 B.R. 843, 847 (Bankr. W.D. Ky. 2004).

---

[5] The comment was, at most, an inadvertent statement by counsel, which does not form the basis for judicial estoppel. *New Hampshire*, 532 U.S. at 753.

No statement was made (as EDH seems to assert and the Bankruptcy Court inferred) that EDH had senior payment priority. Moreover, EDH had already agreed that the SBA's Note was senior in the EDH Note, as set forth above.

An agreement between creditors as to subordination is enforceable. *Advanced Analytics Labs, Inc. v. Environmental Aspecs, Inc. (In re Environmental Aspecs, Inc.)*, 235 B.R. 378, 395-96 (Bankr. E.D.N.C. 1999). Such an agreement is enforceable by a creditor even if the agreement is between the other creditor and the debtor. *Id.* at 396 (holding that creditor was entitled to assert priority subordination contained in agreement between another creditor and the debtor); *In re Lantana Motel*, 124 B.R. 252, 255 (Bankr. S.D. Ohio 1990). Moreover, even an unsecured creditor may have priority in payment over a secured creditor as a result of an agreement. *In re Smith*, 77 B.R. 624 (Bankr. N.D. Ohio 1987).

Such an agreement may be informal, and need not "be in any particular form, or in writing." *In re Howland*, 545 B.R. 653, 659 (Bankr. D. Or. 2015). Even a letter from one creditor offering to subordinate its debt is sufficient. *Trinity Nat'l Bank v. Bobby Boggs, Inc. (Matter of Bobby Boggs, Inc.)*, 819 F.2d 574, 578 (5th Cir. 1987); *see also In re Terrace Gardens Park Partnership*, 96 B.R. 707, 716-17 (Bankr. W.D. Tex. 1989)(enforcing agreement between parties even if agreement was not memorialized by a filing giving notice to other parties).

Based on these principles, EDH's acknowledgement in the EDH Note was sufficient. As such, while the *lien* priority was (1) EDH (2) Adler and (3) SBA, the *payment* priority was:

■    Adler was subordinated to EDH until the EDH Note was paid;

■    EDH was subordinate to SBA.

Accordingly, the Bankruptcy Court erred in holding that judicial estoppel bars the claims. As such, it likewise erred in determining there was no actual controversy between the parties.

*Neither the Cash Collateral Order nor the Confirmation Order Bar Appellant's Claim*

As referenced above, this issue is addressed in the appeal currently pending as No. 25-20479, *Adler v. Energy Debt Holdings, LLC*. In short, the On November 28, 2023, the Bankruptcy Court entered an Order (the "**Confirmation Order**") confirming the Debtor's Second Amended Plan of Liquidation (the "**Plan**"). provides:

> The priorities of the SBA Claim, EDH Claim, and the Adler Secured Claim are modified such that EDH's Class 1B Claim will have first priority to any payments provided for in the Plan for Class 1A, Class 1B, and Class 3 Claims… *Notwithstanding anything contained in the Confirmation Order, or the Plan or otherwise, all parties' rights to assert and pursue claims relating to the existence and enforceability of any subordination agreement or acknowledgment, pursuant to 11 U.S.C. Section 510(a) or applicable law, are preserved to the extent that such rights*

10

> *were preserved consistent with the Final Order*
> *Authorizing Use of Cash Collateral*

*See* Confirmation Order, ¶18 (emphasis added). ROA.3313. The Final Order Authorizing Use of Cash Collateral (the "**Cash Collateral Order**") provides that if no challenge was made to EDH's debt or liens with in the Challenge Period (as defined in the Order), then the Debtor's stipulation that the EDH debt was "secured by valid, binding, perfected, enforceable, liens and security interests in, to and against the prepetition collateral" [¶7] was enforceable, and that the EDH claims were to be allowed claims, not subject to Claims or Defenses (as defined therein), which included claims for subordination ("equitable, contractual or otherwise"). ROA.559. The stipulation and Challenge Period in the Cash Collateral Order provided protection on the issue of validity of the EDH claims, but did not determine payment or lien *priorities*.

The decisions below fundamentally conflate lien priority with payment priority; the allegations of the Complaint, as described above, relate to EDH's agreement to elevate the payment rights of the SBA Note. *"Priority"* is a different concept than *validity*; priority refers to the relationship to other liens, while validity refers to the existence or legitimacy of the lien. *In re White*, No. 19-11909-JDL, 2019 WL 2482727 at *2 (Bankr. W.D. Ok. June 11, 2019)(citations omitted); *In re Bennett*, 312 B.R. 843, 847 (Bankr. W.D. Ky. 2004). No determination had been

11

made (as EDH seems to assert) that EDH had senior *payment* priority. Moreover, EDH had already agreed that the SBA's Note was senior.

An agreement between creditors as to subordination is enforceable. *Advanced Analytics Labs, Inc. v. Environmental Aspecs, Inc. (In re Environmental Aspecs, Inc.)*, 235 B.R. 378, 395-96 (Bankr. E.D.N.C. 1999). Such an agreement is enforceable by a creditor even if the agreement is between the other creditor and the debtor. *Id*. at 396 (holding that creditor was entitled to assert priority subordination contained in agreement between another creditor and the debtor); *In re Lantana Motel*, 124 B.R. 252, 255 (Bankr. S.D. Ohio 1990). Moreover, even an unsecured creditor may have priority in payment over a secured creditor as a result of an agreement. *In re Smith*, 77 B.R. 624 (Bankr. N.D. Ohio 1987).

Accordingly, the District Court erred in holding that the Confirmation Order and the Cash Collateral Order barred Appellant's claims.

## CONCLUSION

Appellant requests that this Court reverse the decisions below and remand the

case to the Bankruptcy Court for trial.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: */s/ Mark C. Taylor*
    Mark C. Taylor
    State Bar No. 19713225
    mtaylor@krcl.com
    401 Congress Avenue, Suite 2100
    Austin, Texas 78701
    Telephone: 512.487-6650

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and/or ECF notification on counsel listed below on the 22nd day of January, 2026:

R.J. Shannon
Shannon & Lee LLP
2100 Travis Street, Suite 1525
Houston, Texas 77002
rshannon@shannonleellp.com

*/s/ Mark Curtis Taylor*
Mark Curtis Taylor

13

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 2472 words.

/s/ Mark Curtis Taylor
Mark Curtis Taylor