No. 25-20475

# In the
# United States Court of Appeals
# for the Fifth Circuit

---

IN THE MATTER OF SOURCEWATER, INCORPORATED,
DEBTOR

JOSHUA ADLER,
*Appellant*,

v.

ENERGY DEBT HOLDINGS L.L.C.,
*Appellee*.

---

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Civil Action No. 4:24-cv-02381

---

## BRIEF OF APPELLEE
## ENERGY DEBT HOLDINGS L.L.C.

---

R.J. Shannon
SHANNON LEE BEATTY LLP
2100 Travis Street, Suite 1525
Houston, TX 77002
rshannon@shannonleellp.com

COUNSEL FOR APPELLEE

No. 25-20475

# In the
# United States Court of Appeals
# for the Fifth Circuit

IN THE MATTER OF SOURCEWATER, INCORPORATED,
DEBTOR

JOSHUA ADLER,

*Appellant*,

v.

ENERGY DEBT HOLDINGS L.L.C.,

*Appellee*.

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Civil Action No. 4:24-cv-02381

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an

interest in the outcome of this case. These representations are made in order that the

judges of this Court may evaluate possible disqualification or recusal:

i

**Plaintiff/Appellant**

Joshua Adler

**Counsel for Plaintiff/Appellant**

Mark C. Taylor
KANE RUSSEL COLEMAN P.C.
401 Congress Avenue, Suite 2100
Austin, TX 78701
[Tel.] (512) 487-6650

**Defendant/Appellee**

Energy Debt Holdings LLC

**Counsel for Defendant/Appellee**

Robert J. Shannon
SHANNON LEE BEATTY LLP
2100 Travis Street, Suite 1525
Houston, TX 77002
[Tel.] (713) 714-5770

/s/ *R.J. Shannon*
R. J. Shannon

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves the application of well-established law. Therefore, the Appellee contends that oral argument is unnecessary. In the event that the Court determines oral argument is necessary or would assist in the Court's decision, the Appellee requests that this Court hear oral argument jointly with Case No. 25-20479, which is an appeal from the U.S. Bankruptcy Court for the Southern District of Texas related to the same underlying bankruptcy case, involving the same parties, and containing overlapping issues.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................... iii

TABLE OF CONTENTS ......................................................................... iv

TABLE OF AUTHORITIES ...................................................................... v

JURISDICTIONAL STATEMENT................................................................. 2

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................... 2

STATEMENT OF THE CASE .................................................................... 2

SUMMARY OF THE ARGUMENT ............................................................... 7

STANDARD OF REVIEW ........................................................................ 8

ARGUMENT ....................................................................................... 9

    I.    The Bankruptcy Court correctly applied the doctrine of judicial estoppel to bar Adler's claim asserted in the Adversary Proceeding. ...................................... 9

    II.    The Dismissal Order was correctly affirmed by the District Court on alternative bases as asserted by EDH and supported by the Bankruptcy Court's ruling in the Dismissal Order................................................................... 19

    III.    This Court should not consider Adler's arguments that were not raised before the Bankruptcy Court. ........................................................... 22

CONCLUSION ..................................................................................... 23

CERTIFICATE OF SERVICE..................................................................... 25

CERTIFICATE OF COMPLIANCE............................................................... 26

## TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s) No.**

*FDIC v. Mijalis*,
      15 F.3d 1314 (5th Cir. 1994)........................................................................23

*Feuerbacher v. Wells Fargo Bank N.A.*,
      701 Fed. Appx. 297 (5th Cir. 2017)..............................................................9

*Galaz v. Katona* (*In re Galaz*),
      841 F.3d 316 (5th Cir. 2016)................................................................. 9, 16

*In re Mercer*,
      249 F.3d 391 (5th Cir. 2001).........................................................................9

*In re National Gypsum Co.*,
      219 F.3d 478, 484 (5th Cir. 2000)................................................................9

*Jethroe v. Omnova Sols., Inc.*,
      412 F.3d 598 (5th Cir. 2005).........................................................................9

*Kane v. Nat'l Union Fire Ins.*,
      535 F.3d 380 (5th Cir. 2008).........................................................................9

*Matter of PFO Global, Inc.*,
      26 F.4th 245 (5th Cir. 2022).........................................................................9

*Matter of Technicool Systems, Inc.*,
      896 F.3d 382 (5th Cir. 2018).........................................................................9

*McClure v. Ashcroft*,
      335 F.3d 404 (5th Cir. 2003).........................................................................9

*Molock v. Whole Foods Mkt. Grp., Inc.*,
      952 F.3d 293 (DC Cir. 2020) ......................................................................19

*Ortiz v. Am. Airlines, Inc.*,
      5 F.4th 622 (5th Cir. 2021)..........................................................................19

*Pell v. Nuñez*,
      99 F.4th 1128 (9th Cir. 2024)......................................................................19

*Randall & Blake, Inc. v. Evans (Matter of Canion)*,
      196 F.3d 579 (5th Cir. 1999).........................................................................9

*Reed v. City of Arlington*,
      650 F.3d 571 (5th Cir. 2011)........................................................... 5, 10, 23

*Standefer v. United States*,

511 F.2d 101 (5th Cir. 1975)........................................................................20

*Terrell v. Sec'y, VA*,
    98 F.4th 1343 (11th Cir. 2024).................................................................19

*United States v. Joseph*,
    102 F.4th 686 (5th Cir. 2024)..................................................................23

**Statutes**

11 U.S.C. § 1129(a)(7) ...............................................................................18

28 U.S.C. § 1334(b) ......................................................................................2

28 U.S.C. § 1452 ...........................................................................................2

28 U.S.C. § 158(a)(1).....................................................................................2

28 U.S.C. § 158(d) .........................................................................................2

No. 25-20475

# In the
# United States Court of Appeals
# for the Fifth Circuit

IN THE MATTER OF SOURCEWATER, INCORPORATED,
DEBTOR

JOSHUA ADLER,

*Appellant*,

v.

ENERGY DEBT HOLDINGS L.L.C.,

*Appellee*.

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Civil Action No. 4:24-cv-02381

## BRIEF OF APPELLEE
## ENERGY DEBT HOLDINGS L.L.C.

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT:

**JURISDICTIONAL STATEMENT**

This Court has jurisdiction over this appeal under 28 U.S.C. § 158(d). The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 1334(b) and 1452 because the underlying claims arise in or relate to a title 11 case before the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

Appellee Energy Debt Holdings, LLC ("EDH") submits that this appeal presents the following issues for review:

1. Whether the Bankruptcy Court erred in granting the Motion of Energy Debt Holdings LLC to Dismiss Complaint with Prejudice (the "Motion to Dismiss") based upon the doctrine of judicial estoppel.

2. Whether the District Court erred in affirming the Dismissal Order.

3. Whether the District Court erred in concluding that the Cash Collateral Order and the Confirmation Order entered by the Bankruptcy Court barred the Appellant's claims.

**STATEMENT OF THE CASE**

On March 17, 2023, Sourcewater, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") initiating Bankruptcy Case No. 23-30960 (the "Bankruptcy Case") before

the Bankruptcy Court. ROA.271. The Bankruptcy Case was assigned to Judge Jeffrey P. Norman, who presided over all aspects of the Bankruptcy Case. ROA.271.

On March 27, 2024, Joshua Adler (the "Appellant") initiated Adversary Proceeding No. 24-03049 (the "Adversary Proceeding") before the Bankruptcy Court by filing his Original Complaint (the "Complaint"). ROA.36-65. The Complaint sought a declaratory judgment regarding the relative priority of the promissory note from the Debtor to EDH (the "EDH Note") and the promissory note from the Debtor to the SBA (the "SBA Note"). The Adversary Proceeding was related to the Bankruptcy Case and therefore also assigned to Judge Norman. ROA.32.

EDH filed with the Bankruptcy Court the Motion of Energy Debt Holdings to Dismiss Complaint with Prejudice on April 26, 2024, (the "Motion to Dismiss"). ROA.66-235.[1] In the Motion to Dismiss, EDH asserted that the Complaint failed to assert a claim as a matter of law based on the allegations of the Complaint and the matters appropriate for judicial notice from the Bankruptcy Case over which Judge Norman had been presiding for more than a year. The arguments advanced by EDH were:

a) Adler's claim asserted in the Adversary Proceeding was enjoined by the confirmed plan and order confirming the plan (the "Confirmation Order"),

---

[1] The documents at ROA.86-235 constitute the exhibits to the Motion to Dismiss.

ROA.3549-3557, and waived and barred by the final cash collateral order (the "Cash Collateral Order"), ROA.574-583, entered in the Bankruptcy Case;

b) Judicial estoppel arising from the statements of the SBA at the November 3, 2023, hearing before the Bankruptcy Court regarding the relevant priority of the SBA and EDH claims prevented Adler from prevailing as a matter of law;

c) Adler sought to assert rights of the Debtor and lacked standing to do so;

d) The claims of the Debtor that Adler sought to assert were expressly released under the Cash Collateral Order;

e) Adler's claim failed as a matter of law because the EDH Note did not effectuate the subordination of the EDH Note to the SBA Note;

f) Adler's claim failed as a matter of law because there exists no cause of action under which Adler could obtain recovery against EDH; and

g) Adler's claim is barred under the doctrine of quasi-estoppel because he asserted that his credit bid of the claims under the Adler Note constituted a valid credit bid and Adler accepted the benefits from that position.

ROA.66-85. EDH presented extensive arguments on each of these bases for dismissal in its Motion to Dismiss.

Adler filed Joshua Adler's Response to Energy Debt Holdings LLC's Motion to Dismiss Complaint with Prejudice, ROA.236-248, (the "Response") on May 28, 2024. In the Response, Adler did not dispute that the Bankruptcy Court could

consider the matters EDH asserted were appropriate for judicial notice and focused his arguments on the bases for dismissal asserted by EDH. With respect to judicial estoppel, Adler argued that (a) the substance of the SBA's statements at the November 3, 2023, confirmation hearing were only about lien priority distinct from payment priority, (b) the Bankruptcy Court was not a separate tribunal, and (c) Adler is not the SBA. ROA.240-241. In arguing that EDH's position fell short, Adler described judicial estoppel as "a doctrine that 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by a party in a previous proceeding. *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)." ROA.240-241. Adler did not raise before the Bankruptcy Court his arguments on appeal that judicial estoppel requires prevailing on a contested, adjudicated matter and prejudice to the party requesting application of the doctrine.

EDH filed a reply, ROA.249-252, (the "Reply") on May 29, 2024, addressing the arguments Adler asserted in the Response. With respect to judicial estoppel, EDH addressed only the issues raised by Adler in his Response. ROA.250. The additional arguments Adler raises for the first time on appeal were never before the Bankruptcy Court.

On June 4, 2024, the Bankruptcy Court entered the Dismissal Order. ROA.260-263. The Bankruptcy Court specifically noted that the SBA—through

which Adler asserted his claim in the Adversary Proceeding—agreed that it was in second position. ROA.263.

After entering the Dismissal Order, the Bankruptcy Court held a hearing on EDH's Motion for an Order (A) Enforcing the Confirmation Order, Plan Injunction, and Final Cash Collateral Order and (B) Imposing Sanctions Against Joshua Adler, ROA.4196-4356; *see also* ROA.4384, in the main Bankruptcy Case. After considering the evidence, the Bankruptcy Court entered its Order on Motion for Entry of an Order to Enforce [ECF 277] ROA.4384-4388 (the "Sanctions Order"), (a) holding that the Adversary Proceeding was prohibited by the Cash Collateral Order and Confirmation Order and (b) finding that Adler acted in bad faith in filing the Adversary Proceeding one day prior to the March 28, 2024, sale hearing. An appeal by Adler of the Sanctions Order is also pending before this Court as Case No. 25-20479.

Adler appealed to the District Court. ROA.5-11. The District Court also rejected each of Adler's arguments, concluding that (a) both the Cash Collateral Order and the Confirmation Order independently bar the Adversary Proceeding, (b) the Confirmation Order independently precludes Adler's Adversary Complaint, and (c) the plain language of the Bankruptcy Orders provide sufficient basis for dismissal such that the District Court did not need to reach the Bankruptcy Court's alternative rationale of judicial estoppel. ROA.5223-5228.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court did not err when it entered the Dismissal Order, and the District Court correctly affirmed as such. The position of the SBA at the November 3, 2023, hearing and accepted by the Bankruptcy Court—properly attributable to Adler as a successor in the interest forming the basis of the Adversary Proceeding—were contrary to the position asserted by Adler in the Adversary Proceeding. The attorney for the SBA made the statements in response to a clarifying question *from the Bankruptcy Court* and, as a result of the position asserted, the Bankruptcy Court continued the confirmation hearing because the position rendered unnecessary language in the disputed proposed confirmation order that would establish a procedure to determine the priority to payment. Adler's contention that the Bankruptcy Court is mistaken about whether the Bankruptcy Court—and indeed, the very same judge—accepted the SBA's position lacks any support and is facially unreasonable. EDH was prejudiced as the SBA's position rendered moot EDH's opposition to the plan that EDH was prepared to pursue and had already presented to the Bankruptcy Court. The provisions of the proposed plan at issue involved the priority of payment of the proceeds of the sale of the Debtor's assets and the language of the proposed confirmation order rendered superfluous was related to the procedures to determine "priority to payment" from shared collateral.

Moreover, even *if* Adler was correct that the SBA's statements did not meet the requirements for judicial estoppel, the dismissal of the Complaint was not in error. One of the Bankruptcy Court's independent bases for the Sanctions Order was that the Cash Collateral Order and Confirmation Order had the effects that EDH asserted in the Motion to Dismiss. The other bases identified in the Motion to Dismiss also justify entry of the Dismissal Order. Where a court reaches the correct conclusion for the wrong reasons, the decision should be affirmed.

Finally, the thrust of Adler's brief argues issues that were not raised before the Bankruptcy Court and should not be considered for the first time on appeal. Adler did not argue in his Response that judicial estoppel required ultimately "prevailing" in an adjudicative sense, as opposed to mere acceptance by the tribunal. Indeed, Adler's description of judicial estoppel was "a doctrine that 'prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by a party in a previous proceeding.'" Adler cannot tell the Bankruptcy Court that one standard applies and then assert a different standard governs on appeal.

## STANDARD OF REVIEW

The Court applies the same standard of review as a district court sitting as an appellate court would in cases where the appeal arises from a district court order affirming the bankruptcy court's judgment. The Court "review[s] the bankruptcy court's factual findings for clear error" and "legal conclusions and mixed questions

of fact and law de novo." *Matter of Technicool Systems, Inc.*, 896 F.3d 382, 385 (5th Cir. 2018); s*ee also In re Mercer*, 249 F.3d 391, 402 (5th Cir. 2001) (en banc); *Randall & Blake, Inc. v. Evans (Matter of Canion)*, 196 F.3d 579, 584 (5th Cir. 1999).

Application of judicial estoppel is reviewed under the abuse of discretion standard. *Feuerbacher v. Wells Fargo Bank N.A.*, 701 Fed. Appx. 297, 299 (5th Cir. 2017) (citing *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 599-600 (5th Cir. 2005); *Kane v. Nat'l Union Fire Ins.*, 535 F.3d 380, 384 (5th Cir. 2008)). A court abuses its discretion only if it (1) relies on clearly erroneous factual findings, (2) relies on erroneous conclusions of law, or (3) misapplies the law to the facts. *Id*. (quoting *McClure v. Ashcroft*, 335 F.3d 404, 408 (5th Cir. 2003)).

While the appellate courts "review[s] purely legal issues *de novo*," the Court will "defer to the bankruptcy court's reasonable interpretation of any ambiguities in its orders." *Matter of PFO Global, Inc.*, 26 F.4th 245, 252 (5th Cir. 2022). However, "the documents must truly be ambiguous … before [the court] will defer." *In re National Gypsum Co.*, 219 F.3d 478, 484 (5th Cir. 2000).

## ARGUMENT

### I.    The Bankruptcy Court correctly applied the doctrine of judicial estoppel to bar Adler's claim asserted in the Adversary Proceeding.

The doctrine of judicial estoppel prevents a party from asserting a position in a legal proceeding that is inconsistent with a position that the party or a predecessor in interest asserted took in a previous proceeding. *Galaz v. Katona* (*In re Galaz*), 841

9

F.3d 316, 326 (5th Cir. 2016).[2] Although a flexible inquiry, judicial estoppel applies where: (1) the party against whom judicial estoppel is sought (or a predecessor in interest) has asserted a legal position that is plainly inconsistent with a prior position; (2) the court accepted the prior position; and (3) the party did not act inadvertently. *Id.* (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc)). Each element was present with respect to the statements of the SBA at the November 3, 2023, hearing and Adler asserted his claim as the successor in interest to the SBA.

At the November 3, 2023, confirmation hearing in the Bankruptcy Case, the relative priority of the claims of EDH, and the SBA were squarely at issue and the focus of the dispute. EDH opposed confirmation of the proposed plan because EDH asserted that its claim had priority over the claim of the SBA and the parties had not reached an agreement over an expedited process to resolve the dispute. ROA.4159-4172. The issues before the Bankruptcy Court were provisions of the proposed plan and proposed confirmation order that addressed the *priority of payment* of proceeds from the sale of the Debtor's assets. ROA.1848-1894 (Debtor's Second Amended Plan); ROA.2083-2095 (EDH's Objection to the Second Amended Plan); ROA.3362-3369 (Proposed Confirmation Order). The priority of the liens was

---

[2] In *Galaz*, the bankruptcy court took judicial notice of all of the filings in the bankruptcy case, the adversary proceedings, the filings and decisions in the appeals of the bankruptcy case, and the decisions in state court litigation in determining that judicial estoppel applied. Further, the bankruptcy court applied judicial estoppel to a successor in interest to the party taking the prior inconsistent positions.

relevant because lien priority determined the priority of distribution of the proceeds (i.e., payment) and the related rights to credit bid. ROA.4163-4164. Among the disputed provisions of the Second Amended Plan were:

### Class 1A[13] – The SBA Claim (This Class is Impaired)

Under the Liquidation Approach, the SBA Claim would receive the following treatment:

a. The SBA will retain its liens and interest will continue to accrue on the SBA Claim.

b. Disbursements will be made on account of the SBA Claim from Liquidation Disposable Income. Except as provided in Article VII(C), Liquidation Disposable Income will be applied to payment of the Class 1 SBA Claim in full first before such funds will be used to pay any other Class of Claims or Interests.

### Class 1B – The EDH Claim (This Class is Impaired)

Under the Liquidation Approach, EDH will retain its liens and interest will accrue on the EDH Claim in accordance with the terms of the Cash Collateral Order.

Any Disbursements made on account of the EDH Claim will be made from Liquidation Disposable Income. Except as provided in Article VII(C), if the Class 1A SBA Claim is paid in full, any remaining amounts of Liquidation Disposable Income will be applied to payment of the Class 1B EDH Claim in full before such funds will be used to pay any other Class of Claims or Interests.

ROA.1872. EDH asserted that this payment priority did not satisfy the requirements of the Bankruptcy Code and would not agree to the provisions for expedited determination proposed by the Debtor. ROA.4163-4164; ROA.4170.

After EDH had presented its arguments at the November 3, 2023, hearing, ROA.4162-4172, the attorney for the SBA informed the Bankruptcy Court that, "in the interest of justice[,]" the SBA conceded that it filed its UCC-1 Statement in the wrong jurisdiction, ROA.4176. The Court followed up to clarify the SBA's position:

11

THE COURT: So, in effect I'm hearing you that you basically agree that your position is the second position?

MS. KARPATI: Yes, Your Honor.

THE COURT: Okay. All right, thank you.

MS. KARPATI: All right, thank you.

ROA.4177.

The Bankruptcy Court adjourned the confirmation hearing as the result of the

statements of the SBA. Addressing the Debtors' counsel:

THE COURT: If they're not -- if there's no dispute then why are we -- why do we have all of this language that really doesn't need to be here?

MR. RIORDAN: I just learned today that the SBA is conceding that point of its own (indiscernible). It was actually a dispute and there is reason for the Debtor to leave that –

THE COURT: Well, and that's fine but I mean the question becomes why are then arguing over something that doesn't seem to have any applicability? All right.

MR. RIORDAN: I agree 100 percent. I agree 100 percent. So, I think we can revisit the proposed confirmation order with EDH and the SBA and submit something after the hearing.

THE COURT: Let me hear from Ms. Shannon. So, I think that you win on that issue based on what I've just heard. MR. SHANNON: It sounds like it.

THE COURT: So, why don't I make this suggestion to the parties. Why don't I allow a short recess for everyone to discuss. I'm not sure that whatever you two and Ms.

Gasior I'm pointing to Mr. Shannon and Mr. Riordan, are going to resolve Ms. Gasior's objection, but certainly as it relates to the two of you it probably will.

Let me allow for a short continuance to see if you can work that out and then if you can then I'll be happy to basically hear again from all the parties and see where we are. But it seems to me like we're arguing over an issue that perhaps doesn't need to be argued about, that we know who the first lien position is and credit bidding I think is then appropriate. So, let's talk about how long it takes for those discussions to take place and when we can come back.

ROA.4177-4179.

Among the language in the proposed confirmation order rendered superfluous by the SBA's statements were provisions expressly relating to payment priority. From the proposed confirmation order at issue:[3]

---

[3] These provisions specifically indicate that part of the ostensible dispute between EDH and the SBA—resolved by the SBA's position at the November 3, 2023, hearing—was "priority of payment from their common collateral." While the arguments dealt significantly with lien priority, that was because lien priority determined payment priority under the circumstances. The Bankruptcy Court was present at the hearings and understood the parties' disputes when determining that judicial estoppel barred Adler's claims asserted in the Adversary Proceeding.

### i.    The Determination Motion

EDH and the SBA disagree with respect to the relative priority of their liens and priority to payment from their common collateral under the Plan. The following procedure will be implemented pursuant to this Plan to address this dispute:

a. By November 17, 2023, EDH will file a motion with the Bankruptcy Court (the "Determination Motion") to seek entry of an order (the "Determination Order") determining, pursuant to this Article VII(C), of the priority of EDH's Class 1B Claim with regard to the SBA's Class 1A Claim under the plan and the extent of EDH's right to credit bid with respect to its Class 1B ,if any, under the Liquidation Approach (if applicable);

b. By December 8, 2023, the SBA will file with the Bankruptcy Court a response to the Determination Motion; and

c. A hearing will be held before the Bankruptcy Court to determine the treatment of EDH and the SBA under this Plan (the "Determination Hearing").

### ii.   Effect of Determination Order on Plan Payments to Class 1A, Class 1B, and Class 3 Claims

In the event the Bankruptcy Court enters a Determination Order ruling that EDH is entitled to priority to payment over the SBA from their common collateral, such order, upon becoming final and unappealable, will be deemed to modify the plan such that EDH's Class 1B Claim will have first priority to any payments provided for in this Plan for Class 1A, Class 1B, and Class 3 Claims and the SBA's Class 1A Claim will have second priority to any payments provided for in this Plan for Class 1A, Class 1B, and Class 3 Claims. Joshua Adler's Class 3 Claim will remain in third priority amongst Class 1A, Class 1B and Class 3 for any payments provided for in this Plan for Class 1A, Class 1B, and Class 3 Claims. Any disbursements or transfers to EDH or the SBA under this Plan shall be held by the Disbursing Agent until any order on the Determination Motion becomes final and unappealable.

ROA.3368. In its arguments at the November 3, 2023, hearing EDH expressly referenced these provisions as part of its basis for opposing the proposed plan absent

14

agreement on credit bidding. ROA.4165-4166. While EDH was willing to live with those two provisions, it asserted that the proposed plan could not be confirmed with those provisions absent EDH's overall agreement. ROA.4166-4168. There was not overall agreement because of the credit bidding provisions.

In light of the SBA's position, the parties proposed an agreed confirmation order without that determination language, ROA.3540-3548—as it no longer served any purpose—and that proposed order was entered by the Bankruptcy Court. ROA.3549-3557. The Confirmation Order also provided that "[t]he priorities of the SBA Claim, EDH Claim, and the Adler Secured Claim are modified such that EDH's Class 1B Claim will have *first priority to any payments* provided for in the Plan for Class 1A, Class 1B, and Class 3 Claims." (emphasis supplied) ROA. 3555. This reinforces that the issues at the November 3, 2023, hearing included payment priority.

All of the elements of judicial estoppel were present as to the SBA. The SBA asserted a legal position that its claim was in the second position to the Bankruptcy Court. The Bankruptcy Court *accepted* that position and acted upon it by continuing the hearing and directing the parties to come to a resolution without the language rendered superfluous by the SBA's asserted position, which resolved the issue that caused EDH to oppose the Plan. ROA.4178-4179. And there is no indication or even allegation that the SBA acted inadvertently. Indeed, the SBA went out of its way, "in

15

the interest of justice[,]"—an appropriate goal for a U.S. federal agency represented by the U.S. Attorney—to raise the issue and clarify it to the Court. ROA.4176-4177.

The claims that Adler asserted in the Adversary Proceeding were under the SBA Note as a successor in interest to the SBA, as Adler alleged in the Complaint. ROA.38. The statements of the SBA at the November 3, 2023, hearing are therefore attributable to Adler. *See In re Galaz*, 841 F.3d at 326 ("Because Galaz is Vernon's successor-in-interest, he inherits the positions that she has taken throughout the litigation."). Adler was just as bound to the position as the SBA. Further, Adler was present at the November 3, 2023, hearing, ROA.4149, and therefore knew about the statements when he acquired the SBA's interest.

Based on the foregoing, the application of judicial estoppel was clearly appropriate. While the Bankruptcy Court perhaps could have declined to impose judicial estoppel, its decision to apply the doctrine was not an abuse of discretion. The Bankruptcy Court's decision was especially appropriate because the underlying statement of the SBA's position was made *to* the Bankruptcy Court and in response to a question *from* the Bankruptcy Court to clarify that position.

Adler's arguments on appeal are largely inapposite and, to the extent that the Court entertains them,[4] can be addressed briefly:

---

[4] As set out in Section III *infra*, most of these arguments were not raised before the Bankruptcy Court.

16

- Adler asserts for the first time on appeal that judicial estoppel requires that the party asserting the position to have "prevailed" in an adjudicative sense in the prior proceeding. But that is not the standard set out in the case law. What is required is that the court "accepts" the position asserted. In the fluid situation of a bankruptcy case, acceptance does not always require a "prevailing party" on an issue that was submitted for decision by the court. Here, as the result of the SBA's asserted position, the Bankruptcy Court determined that language in the proposed confirmation order providing for an expedited process to determine the ostensibly disputed payment priority was unnecessary and decided to adjourn and continue the November 3, 2023, confirmation hearing. The SBA's statement changed how the Bankruptcy Court managed its docket. Further, the "interest of justice" that the SBA was rightly pursuing included not wasting the time of the parties and the Bankruptcy Court with an unnecessary determination procedure. The Bankruptcy Court accepted that position sufficiently for the purposes of judicial estoppel.

- Adler also asserts for the first time on appeal that EDH was not prejudiced. Again, that is not a requirement for judicial estoppel and is contrary to the evident facts. At the November 3, 2023, EDH was prepared to go forward and pursue its position to decision. The issue before the Bankruptcy Court

17

involved a procedure to determine payment priority. The SBA's stated position eliminated EDH's opportunity to pursue an expedited procedure because the Bankruptcy Court accepted the SBA's position that rendered the procedure unnecessary.

- Adler's asserted distinction between lien priority and payment priority is a red herring that has been rejected by the Bankruptcy Court and should be rejected by this Court. The issue at the November 3, 2023, hearing was (a) *payment priority* under Article VII(ii) of the proposed plan, ROA.1872; ROA.4163-4164; ROA.4170, (b) the procedure to resolve the then ostensible dispute with respect to the "priority of payment from their common collateral" that would be liquidated under the proposed plan, ROA.3368, and (c) EDH's related right to credit bid at the auction of the assets, ROA.4167. That procedure was rendered unnecessary by the position the SBA asserted to the Bankruptcy Court and the dispute as to the "priority of payment from their common collateral" was resolved. ROA.4178-4179. While an agreement to subordinate is enforceable, that would be among the issues that the determination procedure rendered unnecessary would have addressed. Moreover, priority of payment in bankruptcy is *determined* by the priority of liens. *See* 11 U.S.C. § 1129(a)(7).

18

The Bankruptcy Court was in the ideal position to evaluate the meaning, relevance, and import of the SBA's stated position at the November 3, 2023, confirmation hearing, the Bankruptcy Court's own acceptance that position, and whether the assertions in the Adversary Proceeding were contrary to that position. The Bankruptcy Court was present and aware of all the nuances and moving pieces in the Bankruptcy Case. There is no clear error in the Bankruptcy Court's finding of the factual predicates for judicial estoppel, the Bankruptcy Court did not commit an error of law with respect to the requirements for judicial estoppel, and the Bankruptcy Court appropriately applied the law to the facts. The Dismissal Order should be affirmed under the reasoning of the Bankruptcy Court.

**II.    The Dismissal Order was correctly affirmed by the District Court on alternative bases as asserted by EDH and supported by the Bankruptcy Court's ruling in the Dismissal Order.**

Even *if*—for the sake of argument—the Bankruptcy Court erroneously applied the doctrine of judicial estoppel, the decision to grant the Motion to Dismiss was not in error. EDH asserted several bases for the dismissal that were briefed for the Bankruptcy Court in the Motion, ROA.66-235, Response, ROA.236-248, and Reply, ROA.249-252. Where a court arrives at the correct outcome on the wrong grounds or with incorrect reasoning, that outcome must be affirmed. *See, e.g., Terrell v. Sec'y, VA*, 98 F.4th 1343, 1353 (11th Cir. 2024); *Pell v. Nuñez*, 99 F.4th 1128, 1135 (9th Cir. 2024); *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 630 (5th Cir. 2021); *Molock*

*v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 296 (DC Cir. 2020); *Standefer v. United States*, 511 F.2d 101, 104 (5th Cir. 1975).

The Bankruptcy Court identified one additional basis for the dismissal of the Complaint and the District Court affirmed on that basis. In the Sanctions Order, the Bankruptcy Court imposed sanctions on Adler under its contempt powers—in addition to its inherent power to sanction bad faith conduct and abuse of the judicial process—because Adler's filing of the Complaint was prohibited by the Cash Collateral Order and Confirmation Order. ROA.4384-4388. Irrespective of whether sanctions were appropriate, the Bankruptcy Court's interpretation of its own orders was correct.

While Adler asserts that the Cash Collateral Order did not establish the payment priority, this ignores that the Confirmation Order did so expressly. There is no other way to read the provision that:

> The priorities of the SBA Claim, EDH Claim, and the Adler Secured Claim are modified such that EDH's Class 1B Claim will have ***first priority to any payments*** provided for in the Plan for Class 1A, Class 1B, and Class 3 Claims.

Confirmation Order ¶ 18; ROA.3555 (emphasis supplied). While the Confirmation Order preserved "parties' rights to assert and pursue claims relating to the existence and enforceability of any subordination agreement or acknowledgment," it only did so "to the extent that such rights were preserved consistent with the [Cash Collateral

Order.]" Confirmation Order ¶ 18; ROA.3555. The question is thus whether the claim of subordination asserted by Adler in the Adversary Proceeding was preserved consistent with the Cash Collateral Order. The answer to that question is no.

The Adversary Proceeding was clearly barred by the Cash Collateral Order. The Cash Collateral Order required any party seeking to assert a "Challenge"— defined as "an adversary proceeding or contested matter … challenging the … priority … of the obligations in respect of the EDH Loan"—or any "Claims or Defenses"—defined as "any other claims, counterclaims or causes of action, objections, contests or defenses against EDH in connection with any matter related to the EDH Loan"—no later than June 15, 2023. Cash Collateral Order ¶ 14; ROA.578. In light of the determination of priority by the Confirmation Order, the Adversary Proceeding was clearly a challenge to the priority established by the Confirmation Order and a claim against EDH in connection with a matter related to the EDH Loan. Failing to bring such a Challenge or Claim or Defense in the applicable time—"whether characterized as … subordination … recovery, disgorgement, … "claim" … subordination (whether equitable, contractual, or otherwise) or other challenge of any kind"—meant that the Challenge or Claim or Defense was "forever waived and barred[.]" Cash Collateral Order ¶ 15; ROA.579.

As in the extensive briefing below, Adler refuses to address substantively this language in his briefing on Appeal or provide any alternative meaning other than the

21

plain meaning of the words. Why does the Cash Collateral Order not "bar[]" the "adversary proceeding … challenging the … priority … of the obligations in respect of the EDH Loan" established by the Confirmation Order reflected in the Adversary Proceeding? Why is the Adversary Proceeding not a "claim[] … against EDH in connection with any matter related to the EDH Loan" constituting a Claim or Defense that is "forever waived and barred [.]" Adler does not deal with the actual language of the Cash Collateral Order, because doing so is fatal to his position.

### III.   This Court should not consider Adler's arguments that were not raised before the Bankruptcy Court.

The thrust of Adler's arguments on appeal regarding judicial estoppel were not made before the Bankruptcy Court in connection with the Motion to Dismiss. In the Response, Adler argued that (a) the substance of the SBA's statements at the November 3, 2023, confirmation hearing were only about lien priority and not payment priority, (b) the Bankruptcy Court was not a separate tribunal, and (c) Adler is not the SBA. ROA.240-241. Adler *did not* assert before the Bankruptcy Court that judicial estoppel requires as a matter of law that (a) the party prevail as the result of its position—as opposed to the position merely being accepted by the court—and (b) the other party be prejudiced. Indeed, Adler described judicial estoppel to the Bankruptcy Court as "a doctrine that 'prevents a party form asserting a claim in a legal proceeding that is inconsistent with a claim taken by a party in a previous

proceeding. *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)." ROA.240-241.

Unless an argument is raised with the trial court "to such a degree that the [trial] court has an opportunity to rule on it," the reviewing court should not address it on appeal. *United States v. Joseph*, 102 F.4th 686, 691 (5th Cir. 2024) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)). Adler has not done that with respect to these arguments. The Court should not allow Adler to submit one set of arguments and standard before the Bankruptcy Court and then others on appeal.

## CONCLUSION

Based on the foregoing, this Court should affirm the Dismissal Order and the District Court's order affirming. The Bankruptcy Court did not commit reversible error. The Bankruptcy Court was there for the statements it determined caused judicial estoppel and understood their import and how they were contrary to the position asserted by Adler in the Adversary Proceeding. Further, the Dismissal Order should be affirmed for other reasons stated in the Motion to Dismiss that the Bankruptcy Court did not need to reach—namely, the plain reading of both the Cash Collateral Order and the Confirmation Order.

[*Signature Page Follows*]

DATED: February 6, 2026

Respectfully submitted,

**SHANNON LEE BEATTY LLP**

/s/ *R.J. Shannon*

R.J. Shannon
S.D. Tex. Bar No. 3196214
Tex. Bar No. 24108062
2100 Travis Street, STE 1525
Houston, TX 77002
Telephone: (713) 714-5770
Facsimile: (833) 71405770
rshannon@shannonleellp.com

*Counsel for Appellee Energy Debt Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on February 6, 2026, the forgoing document was served through the Court's CM/ECF Document Filing System https://ecf.ca5.uscourts/gov/, upon the following registered CMECF users:

Mark C. Taylor
Kane Russell Coleman Logan PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: 512-487-6650
mtaylor@kcl.com

COUNSEL FOR APPELLANT

Counsel also certifies that on February 6, the foregoing instrument was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts/gov/.

Counsel further certifies that 1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; and 2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

*/s/ R.J. Shannon*
R.J. Shannon

25

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5906 words, including the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in Times New Roman font 14-point type face.

Dated: February 6, 2026　　　　　　　/s/ *R.J. Shannon*
　　　　　　　　　　　　　　　　　　R.J. Shannon

　　　　　　　　　　　　　　　　　　*Counsel for Appellee*